UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:11-49-KKC

JOSEPH H. CRAMER,                                                                              PLAINTIFF

v.                          **MEMORANDUM OPINION AND ORDER**

APPALACHIAN REGIONAL HEALTHCARE, INC., et. al.,
                                                                                            DEFENDANTS

\* \* \*   \* \* \*   \* \* \*

This matter is before the Court on Plaintiff's Motion for Discovery. [DE 14]. This motion has been fully briefed and is ripe for a decision. The Court, having reviewed the record and being otherwise sufficiently advised, will grant the motion in part and deny it in part.

I.   **BACKGROUND**

This dispute arises from a denial of benefits under a supplemental pension plan. Plaintiff was employed by Defendant, Appalachian Regional Healthcare ("ARH"), from 1981 until 2008. In 1994, Cramer was promoted and became eligible for ARH's Supplemental Executive Retirement Plan ("SERP"), which was created in 1986. The 1986 SERP defined years of service to include all years in which the participant was employed at ARH. Cramer retired/resigned from ARH in 2007 at age 49, and under the 1986 SERP's years of service calculation, was entitled to receive a monthly benefit of $1,009.34.

On December 31, 2008, ARH adopted an Amendment and Restatement of the SERP ("2008 SERP"). The 2008 SERP changed the years of service definition to include only the years

1

an employee was eligible for SERP, not the years an employee was employed by ARH but ineligible for SERP. Under the 2008 SERP, Cramer would not receive any SERP benefits. Cramer and ARH dispute whether his benefits are determined by the 1986 or 2008 SERP.

On November 20, 2010, after an administrative review, the SERP Committee denied Cramer's appeal and held that the 2008 SERP governed his benefits. On January 28, 2011, Cramer filed the instant action bringing four causes of action: (1) a claim for ERISA benefits pursuant to ERISA § 502(a)(1)(B); (2) violations of ERISA's vesting and anti-kickback requirements pursuant to ERISA § 502(a)(3); (3) breach of fiduciary duty pursuant to ERISA § 502(a)(2); and (4) equitable estoppel. Plaintiff seeks discovery related to conflicts of interest and lack of due process on his denial of benefits claim and "full discovery under the Civil Rules" on his other claims.

## II.   ANALYSIS

Plaintiff's four causes of action raise three separate discovery issues. First, Cramer's ERISA-based claim for benefits claim is subject to ERISA's discovery limitations, which permit only limited discovery into allegations of due process violations or conflict of interest. Second, Cramer's claims alleging violations of ERISA §§ 502(a)(2) and (3), although not subject to ERISA's discovery limitations, cannot be brought if SERP is a top hat plan. Finally, discovery on Cramer's equitable estoppel is limited to the administrative record if the claim was actually developed during the administrative proceeding. Each issue will be addressed in turn.

### A.  Claim for Benefits Discovery

The general rule is that a district court should base its review of an ERISA-based claim for benefits solely upon the administrative record. *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d

2

609, 619 (6th Cir. 1998) (Gilman, J., concurring).[1] The purpose of this rule is to promote ERISA's policy of providing "a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Perry v. Simplicity Eng'g Inc.*, 900 F.2d 963, 967 (6th Cir. 1990). There is a limited exception to this rule that allows a court to consider evidence outside of the administrative record if that evidence is offered in support of a procedural challenge to the decision, such as an allegation of bias or lack of due process. *Wilkins*, 150 F.3d at 619.

1. Conflict of Interest Discovery

In an ERISA claim for benefits, a plan administrator's conflict of interest "must be weighed as a factor in determining whether there is an abuse of discretion." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) (internal quotation marks and citation omitted). For this extremely limited purpose, a plaintiff has a right to discovery if the ERISA plan administrator was operating under a conflict of interest. *See Busch v. Hartford Life & Accident Ins. Co.*, No. 5:10-00111, 2010 WL 3842367, at *2 (E.D. Ky. Sept. 27, 2010). A conflict of interest exists when the defendant both (1) determines whether an insured qualifies for benefits and (2) pays those benefits out of its own funds. *See Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008).

Here, the SERP Committee was operating under an inherent conflict of interest because "[a]ll of the members of the Committee are employees of ARH" and "SERP benefits are paid from ARH's own funds." [DE 14 p. 11]. Although the plaintiff has a right to obtain discovery regarding the defendants' conflict of interest, the scope of discovery is narrow. *Raney v. Life Ins.*

---

[1] Although Judge Gilman's opinion in *Wilkins* was a concurrence, he wrote for the majority on this issue. *Bell v. Ameritech Sickness and Accidental Disability Benefit Plan*, 399 F. App'x 991, 997 n.4 (6th Cir. 2010).

3

*Co. of North America*, No. 08-169, 2009 WL 1044891, at *3 (E.D. Ky. Apr. 20, 2009). Any discovery must be limited to the conflict of interest and allegations of bias. *McQueen v. Life Ins. Co. of N. America*, 595 F. Supp. 2d 752, 755–56 (E.D. Ky. 2009). "[A]ppropriate areas of inquiry include (1) whether there is a history of biased claim denials, (2) whether the employer has taken steps to reduce potential bias and promote accuracy, and (3) whether company policies formally or informally reward or encourage claim denials." *Busch*, 2010 WL 3842367, at *4.

Courts have given detailed "permitted areas of inquiry" to guide conflict of interest discovery, *see Busch* 2010 WL 3842367, at *4, but this case is factually distinct from other ERISA claim for benefits cases. Here, the issue is a matter of contract interpretation and not a judgment call as to an employee's physical condition or health status. Therefore, *Busch's* permitted areas of inquiry will likely not provide meaningful guidance to the parties.

In any discovery request, Plaintiff must demonstrate the relevance of the information requested to a claim or defense in the action before this Court. *See* Fed. R. Civ. Proc. 26(b)(1). Here, conflict of interest or bias allegations are relevant only to determining the standard of review. *See Firestone*, 489 U.S. at 115. Based on the record in this case, the Court envisions limited discovery on this issue, because Plaintiff seems to already have a factually developed argument that the SERP Committee was operating under an inherent conflict of interest and its final ruling was biased.

Currently, Plaintiff is entitled to receive written discovery about the members of the SERP Committee and their connection to ARH. The parties are free to make more detailed discovery requests. However, all discovery disputes will be resolved by this Court, and the party seeking discovery must demonstrate how the specific information requested is calculated to lead to the discovery of admissible evidence in this proceeding.

2. Due Process Discovery

Allegations of due process violations also trigger the exception to the ERISA discovery rule. *See Wilkins*, 150 F.3d at 619. Although *Glenn* does not specifically mention due process claims, its logic extends to all procedural challenges in an ERISA claim for benefits case. The due process inquiry is directed at whether the Committee gave Cramer a full and fair hearing and is relevant only to this Court's determination as to whether the Committee's decision is entitled deference.

Here, Cramer alleges two due process violations. First, Cramer argues that the administrative claims process did not follow the SERP procedures because the Committee did not keep a permanent record of its meetings and actions, and ARH refused to provide Cramer with documents related to communications between the Committee and ARH. [DE 14, Pl's Mot. Disc. p. 13–15]. Second, Cramer says that ARH refused to provide documents relevant to his claim including actuarial reports, information regarding an alleged 2001 SERP Restatement, and communications between the Committee and ARH's counsel. [*Id.* p. 15–17].

Although limited discovery is permitted on alleged procedural violations, the discovery requests made by Plaintiff are simply not relevant to the issues before this Court. To receive discovery, Plaintiff must demonstrate how the information requested is relevant to the issues before the Court—whether the 1986 or 2008 SERP applies to Cramer. Plaintiff has failed to demonstrate the relevance of the discovery request. Therefore, consistent with ERISA's policy of providing "a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously," *Perry*, 900 F.2d at 967, the Court will deny Plaintiff's requested discovery.

### B. Statutory ERISA Claims

Cramer's second and third claims allege that ARH violated ERISA's vesting, anti-kickback and fiduciary duty requirements pursuant to ERISA §§ 502(a)(2) and (3). [DE 14 p. 5]. Discovery is permitted in connection with these statutory ERISA claims. *See McDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 165–66 (6th Cir. 2003). However, the Court may deny or limit discovery when its burden outweighs its likely benefit or its burden is undue. *See* Fed. R. Civ. Proc. 26(c). When considering the burden of proposed discovery, "courts may take into account ERISA's goals of expedience and thrift." *Mulligan v. Provident Life and Accident Ins. Co.*, 271 F.R.D. 584, 589 (E.D. Tenn. 2011).

Top hat plans are not subject to ERISA §§ 502(a)(2) and (3). *Bakri v. Venture Mfg. Co.*, 473 F.3d 677, 678 (6th Cir. 2007). A top hat plan is a term used to identify a plan described in 29 U.S.C. § 1051(a)(2) that is "unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees." Congress exempted top hat plans from many ERISA provisions because top hat plan beneficiaries do not need the protection of ERISA "by virtue of their positions or compensation levels." *Bakri*, 473 F.3d at 678. There are four factors used to determine if a plan qualifies as a top hat plan: (1) the percentage of the total workforce invited to join the plan; (2) the nature of their employment duties; (3) the compensation disparity between top hat plan members and non-members; and (4) the actual language of the plan agreement. *Id.*

Here, whether SERP is a top hat plan is the threshold issue. Balancing the benefits and burdens of discovery, in the interest of judicial economy and in accordance with ERISA's policy of providing "a method for workers and beneficiaries to resolve disputes over benefits

6

inexpensively and expeditiously," *Perry* 900 F.2d at 967, the Court will limit discovery to SERP's potential top hat status.

ARH has agreed to written discovery on this issue and to provide affidavits concerning employment titles and duty descriptions of ARH employees who most recently participated in SERP and former employees who were paid benefits from SERP. [DE 15 p. 11–12]. The written discovery offered by ARH is likely sufficient to determine factors (1), (3), and (4). Written discovery may be sufficient to determine factor (2), but the Court envisions a scenario in which a limited deposition may be necessary to provide additional detail about the nature of SERP employees' duties.

### C. Equitable Estoppel

Cramer's fourth claim argues that ARH should be estopped from denying benefits because Cramer detrimentally relied on actions by ARH representing to Cramer that his SERP benefits were vested. [DE 14 p. 8]. ERISA equitable estoppel claims are brought under the federal common law, *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 403 n. 13 (6th Cir. 1998) (en banc), and can be brought against top hat plans. *See Peters v. Lincoln Electric Co.*, 285 F.3d 456, 467–68 (6th Cir. 2002). *See also Straney v. Gen. Motors Corp.*, No. 06-cv-12152, 2008 WL 162554, at *2 (E.D. Mich. Jan. 16, 2010) (noting that "other courts have found the doctrine of estoppel applicable in the context of a top-hat plan") (citing *In re New Valley Corp.*, 59 F.3d 143, 152 (3d Cir. 1996)). Equitable estoppel can be used to vary the terms of an unambiguous plan document when the representation was made in writing. *See Bloemker v. Laborers' Local 265 Pension Fund*, 605 F.3d 436, 443 (6th Cir. 2010).

In some cases, like claims for benefits, ERISA equitable estoppel claims are limited to the administrative record and no discovery is permitted. *See Bingham v. CNA Financial Corp.*, 408 F. Supp. 2d 563, 567–68 (N.D. Ill. 2005). In *Bingham*, the court held that an ERISA plaintiff must "exhaust her remedies with respect to her estoppel claim, as well as her ERISA claim" and that "the record should have been established during that process." *Id.* Other courts have followed *Bingham*, holding that the administrative process "provided an avenue for the plaintiff to present, document, and develop her estoppel claim [and therefore] discovery beyond the administrative record would be inappropriate." *Silva v. Fortis Benefits Ins. Co.*, 437 F. Supp. 2d 819, 830 (N.D. Ill. 2006). *See also Jacobs v. Xerox Corp. Long Term Disability Income Plan*, 356 F. Supp. 2d 877, 892–93 (N.D. Ill. 2005) (limiting review of ERISA estoppel claim to the administrative record, and dismissing the claim because it was not brought before the administrator). When courts have allowed discovery on ERISA estoppel claims, it was because the "Committee did not actually consider [Plaintiff's] argument" and the Committee did not provide "avenues for development of the estoppel claim at the administrative level." *Crowell v. Bank of America Pension Plan for Legacy Companies*, No. 09-c-1921, 2010 WL 1930112, at *4 (N.D. Ill. May 12, 2010) (quotation marks omitted).

Here, Cramer presented his estoppel argument to the SERP Committee, and the Committee rejected it. [AR 493–94]. Cramer argued that he relied on his benefit statements when he made the decision to retire, and the Committee held that Cramer could not have reasonably relied on those statements because of their clear disclaimer warnings. [*Id.*]. Cramer fully developed, documented, and presented his equitable estoppel argument in the administrative proceedings. Therefore, there is no need for discovery beyond the administrative record, and Plaintiff's request for discovery is denied.

In conclusion, Plaintiff is entitled to limited discovery consistent with this opinion, and the Court hopes that the parties will resolve their discovery disputes amicably. If not, the parties should direct their discovery disputes to this Court.

### III. <u>CONCLUSION</u>

For the reasons set forth above, IT IS ORDERED:

(1) that the Plaintiff's motion for discovery [DE 14] is GRANTED IN PART and DENIED IN PART as follows:

    (a) Plaintiff's motion is GRANTED to the extent that Plaintiff is entitled to limited discovery pertaining to the defendant's conflict of interest and alleged bias, and

    (b) Plaintiff's motion is GRANTED to the extent that Plaintiff is entitled to limited discovery pertaining to SERP's potential top hat status, and

    (c) Plaintiff's motion is DENIED as to the remainder of the discovery requests.

(2) Furthermore, the parties shall file a written proposal for discovery and filing deadlines no later than twenty (20) days from entry of this Order.

This 23rd day of March, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge